FARMERS' STATE BANK OF PARKER et al, Respondents, v. TRI-STATE MUTUAL GRAIN DEALERS FIRE INSURANCE COMPANY OF LUVERNE, Appellant.

(170 N. W. 638).

(File No. 4369. Opinion filed February 11, 1919. Rehearing denied (March 29, 1919).

1. **Insurance—Fire Insurance—Insured in Possession as Ostensible Owner, Whether Entitled to Recover for Loss.**

Where one in possession of a grain elevator standing upon ground leased by a railway company to him, was claiming to be absolute owner of and was operating the elevator as his individual property and in control and enjoyment of the property when policy was issued and when loss occurred, he is entitled to recover for the loss, as against the claim of insurer that there was no formal transfer or conveyance of the property from a former known owner to plaintiff So held, there being no claim that any person other than plaintiff had any beneficial interest in the property or had suffered loss by destruction thereof.

2. **Same—Owner, Title, Failure of Insurer to Inquire Into, Effect as Waiver—Beneficial Interest as Basis of Recovery.**

It is the recognized rule of law that where an insurer of property insures without inquiry into precise state of title thereto before issuing policy, it waives the ownership clause therein; not that one having no right or title to property may

insure it as his own, and collect insurance in case of its destruction, which transaction would be void as against public policy; but a perfect legal title is not essential; and where insured has a beneficial or equitable interest in the property, he may enforce an insurance contract, notwithstanding the ownership clause therein.

3. **Same—Ownership of Property, Transfer of By Purchase of Stock of Corporate Owner—Evidence of Stock Purchase, Incompetency of—Transfer of Corporate Stock, Rule Re—Harmless Error.**

In a suit to recover for fire loss under an insurance policy, trial court erred in admitting evidence of alleged transfer of its property from a corporation to plaintiff through purchase by him of all its capital stock, the evidence being objected to as not the best; that stock transfers must be recorded in a transfer book and evidenced by issuance of stock certificates; and where evidence of such transfer is unaccounted for, parol is incompetent. Held, further however, that such error was not prejudicial, there being sufficient other evidence of ownership in plaintiff.

4. **Same—Fire Insurance—Gasoline Kept, Used, Allowed, "On Premises," Voiding Policy For—Kerosene and Gasoline Used to Facilitate Elevator Machinery, Effect**

Where, in a suit to recover for fire loss by owner of a grain elevator, insurer defended on ground of viodness of the policy because of plaintiff having kept and used gasoline upon the premises contrary to a provision in the policy voiding it "if gasoline be kept, used or allowed" on the premises; it appearing that on the day of the fire the owner undertook to operate the machinery in the elevator, portions of which under the elevator floor had become badly coated with rust; that for purpose of removing the rust he applied a mixture of kerosene and gasoline to the rusted parts, then started the machinery; that shortly thereafter fire was discovered under the elevator and through openings in the floor; it not appearing whether presence of said mixture was the cause of the fire; that, assuming that the mixture had been kept on the premises for a considerable length of time before the fire, yet it not being shown nor claimed that its use for removal of the rust was unusual or unnecessary, held, such use in keeping of the same upon the premises would not work a forfeiture of the policy; that what was intended by the policy to be prohibited is the habitual use for some considerable time, of such articles, not their exceptional use upon some emergency.

5. **Same—Fire Insurance—Use of Gasoline and Kerosene on Premises, Whether Increase of Hazard "Within Control or Knowledge of Insured."**

Nor was the presence and use of said mixture, as above shown, a violation of a clause in the policy providing that "if the hazard be increased by any means within the control or knowledge of the insured" the policy shall be void; since the use so made of such mixture did not increase the hazard within the meaning of said provision.

Appeal from Circuit Court, Turner County. HON. JOSEPH W. JONES, Judge.

Action by Farmers' State Bank of Parker, South Dakota, a corporation, and R. L. Clisby, as administrator of the estate of Peter Meier, deceased, against the Tri-state Mutual Grain Dealers Fire Insurance Company of Luverne, Minnesota, a corporation, to recover for loss resulting from destruction by fire of a grain elevator. From a judgment for plaintiffs, and from an order denying a new trial, defendant appeals. Affirmed.

*T. J. Spangler,* and *H. G. Giddings,* for Appellants.

*U. S. G. Cherry,* and *Jones & Jones,* for Respondent.

(1) To point one of the opinion, Respondents cited:

German Insurance & Saving Institution v. Kline, (Neb.), 62 N. W. 857; Miotke v. Milwaukee Mechanics Insurance Co., (Mich.), 71 N. W. 463; Philadelphia Tool Co. v. British-American Ins. Co., 132 Pa. St. 236, 19 Atl. 77; Cooley's Brief on Law of Insurance, Vol. 1, p. 176; Vol. 2, p. 1346; 19 Cyc., 690.

(2) To point two, Respondents cited:

Gould v. N. Y. Mutual Fire Ins. Co., 74 Am. Dec. p. 494; Insurance Co. v. Bachler, 44 Neb., 549, 62 N. W. 911.

(3) To point three, Appellant cited:

City of Louisville, v. Louisville Water Company, 1 L. R. A. (N. S.) 766; Dartmouth College v. Woodward, 4 L. Ed. 629; Louisville Banking Company v. Eisenman Bros. 19, L. R. A. 684.

(4) To point four, Appellant cited:

Davis v. Ins. Co., 79 Iowa, 379; 10 L. R. A. 359, and extensive note; Ostrander on Fire Insurance, Second Ed. Sec. 329; Boyer v. Grand Rapids Fire Ins. Co. (Mich.) 83 N. W. 124; 83 Am. St. 338, and note; Heron v. Ins. Co. 57 Am. St. 638; Wheeler v. Ins. Co., 13 Am. St. 582; Joyce Ins., Sec. 2202, pp. 3746, 3749.

Respondents cited:

Bouchard v. Dirigo Mut. Fire Ins. Co., (Me.) 92 Atl. 899; Thompson v. Sanders Mut. Fire Ins. Co., 17 Ont. L. Rep. 214,

13 A. & E. Ann. Cas. Ca. 532; Note 540 et seq.; Hynds v. Schnectady etc. Ins. Co. 1.1 N. Y. 554.

(5) To point five, Appellant cited:

Mack v. Ins. Co., 106 N. Y. 560; 13 N. E. 343.

POLLEY, J. This action was brought to recover on a fire insurance policy. The subject of the insurance was a grain elevator situated on a railway right of way at Parker. At the time of the issuance of the policy, and at the time of the fire that caused the loss, the elevator was in possession of, and under the control of, one Peter Meier, who was operating said elevator as the sole owner thereof. The policy was issued on the 2d day of July, 1915, and the elevator was destroyed by fire on the 25th day of January, 1916. The defendant refused to pay the loss, and Meier commenced this action, but died soon thereafter, and the plaintiff Clisby, as administrator of Meier's estate, was substituted in the place of Meier as plaintiff. At the time of the fire, the Farmers' State Bank had a chattel mortgage on the elevator building and joined in the action as plaintiff. The property was insured in an amount not to exceed $8,000; $4,000 of which was on the building, additions, etc., and the other $4,000 on grain and other contents thereof, according to the amount on hand at the time of loss. The trial resulted in a verdict and judgment for $7,377.62 for plaintiffs, and defendant appeals.

The assignments of error are numerous, but they need not be considered separately.

[1] It is contended by appellant that the said Meier was not the owner of the insured property at the time the policy was issued, nor at the time of the loss; but that the same was owned by the Farmers' Elevator Company, a corporation, and that for that reason plaintiffs were not entitled to recover. It was not disputed that the elevator had belonged to the Farmers' Elevator Company, and that prior to the issuance of the policy involved in this action appellant had insured said elevator as the property of the said elevator company; but, when the present policy was issued, Meier directed appellant to issue it to him individually. At that time Meier was in possession of the property, claiming to be the absolute owner thereof, and was operating it as his individual property. He had caused an addition thereto to be

26—Vol. 41, S. D.

built. This he paid for from his individual funds. The ground on which the elevator stood was leased by the railway company to Meier individually. It was not claimed, nor attempted to be shown, that any person or company, other than Meier, had any beneficial interest in the property, or that any other person suffered loss by the destruction thereof. The claim made by appellant was that no formal transfer or conveyance of the property from the Farmers' Elevator Company to Meier was shown. This was not necessary under the circumstances in this case. Where a person is in the sole possession, control, and enjoyment of personal property, claiming to be the absolute owner thereof, a prima facie case of ownership is made out. It is not claimed that there was any concealment or attempted fraud practiced by Meier in procuring the policy. Appellant made no inquiries touching the condition of the title to the insured property, nor is it claimed that the condition of the title in any manner involved or increased the hazard, either moral or actual.

[2] It is the recognized rule of law that, where an insurance company insures property without inquiring into the precise state of title to such property before issuing the policy, it waives the ownership clause in the policy. This, of course, does not mean that a person who has no right or title to property may insure it as his own, and then collect the insurance in case of its destruction by fire. Such transaction would be void as against public policy, but a perfect legal title is not essential. Where the insured has a beneficial or equitable interest in the property, he may enforce an insurance contract, notwithstanding the ownership clause therein. In the language of the Supreme Court of Connecticut:

"* * * property is *his* who, in case of its destruction, must sustain the loss of it." Hough v. Insurance Co., 29 Conn. 10, 76 Am. Dec. 581.

And quoting from Manchester Fire Ins. Co. v. Abrams, 89 Fed. 932, 32 C. C. A. 426:

"It has been uniformly held, notwithstanding the stipulation that the policy shall be void if the interest of the insured be less than that of the fee-simple title to the land whereon the insured property is situated, that the stipulation is complied with if it

appear that the insured is substantially or equitably the owner of the property, and entitled to the benefits of the same."

And in German Ins. & Sav. Inst. v. Kline, 44 Neb. 395, 62 N. W. 857, it is said:

"When an insurance company issues its policy, and accepts and retains the premium, without requiring an application by the insured, and without making any inquiry as to the condition of the property or the state of the title, and the insured has in fact an insurable interest, the company will be conclusively presumed to have insured such interest, and to have waived all provisions in the policy providing for its forfeiture by reason of any facts or circumstances affecting the condition or title of the property in regard to which no such statement was required or inquiry made."

See, also, Insurance Co. v. Bachler, 44 Neb. 549, 62 N. W. 911; Castner v. Insurance Co., 46 Mich. 15, 8 N. W. 554; Kludt v. Insurance Co., 152 Wis. 637, 140 N. W. 321, 45 L. R. A. (N. S.) 1131, Ann. Cas. 1914C, 609.

[3] Respondents were permitted to show by parol evidence that, although the elevator had belonged to the elevator company, the said Meier had acquired all of the capital stock of said company and thereby became the owner of the property that had belonged to the company. This was objected to as not the best evidence. The objection should have been sustained. Stock transfers are required to be recorded in a transfer book and evidenced by the issuance of stock certificates, and, where the absence of such evidence is not accounted for, parol evidence is incompetent. But the error was not prejudicial, because there was sufficient evidence of ownership for the purposes of this case without resorting to said stock transactions.

[4] It is contended by appellant that Meier violated that clause in the policy that declares that the policy shall became void if gasoline "be kept, used, or allowed" on the insured premises. The evidence in support of this contention tends to show the following facts: On the day the fire occurred, Meier undertook to operate the machinery in the elevator. Said machinery had not been used for several months prior thereto, and it was found that portions of it under the floor of the elevator had become so badly coated with rust that it could not be operated. For the purpose of removing this rust, Meier applied a mixture of kerosene and

gasoline to the rusted parts, then started the machinery, and proceeded to load a car with grain. Shortly thereafter, fire was discovered under the elevator and up through certain openings in the floor. Whether the presence of the above mixture of gasoline and kerosene was the cause of the fire or not is by no means clear. It is claimed by appellant, and may be assumed, that the said mixture had been kept on the insured premises in a five-gallon can for a considerable length of time before the fire. But it was not shown nor claimed that to use the said mixture for the removal of the rust was unusual or unnecessary, and it did not work a forfeiture of the policy. "What is intended to be prohibited is the habitual use of such articles, not their exceptional use upon some emergency." Mears v. Insurance Co., 92 Pa. 15, 37 Am. Rep. 647; section 2202, Joyce, Ins. To keep or use the forbidden article on insured premises, within the meaning of the above clause, "implies a use of the premises as a place of deposit for the prohibited articles for a considerable period of time" (Bouchard v. Insurance Co., 113 Me. 17, 92 Atl. 899, L. R. A. 1915D, 187, where the cases are collected and reviewed), and further discussion of the subject would serve no useful purpose.

[5] It is contended by appellant that the presence and use of the gasoline and kerosene, as above shown, was a violation of a clause in the policy which provides that, "* * * if the hazard be increased by any means within the control or knowledge of the insured," the policy shall be void. The use that was made of said gasoline and kerosene did not increase the hazard, within the meaning of the above provision. In considering this clause in a policy of insurance, this court, in Angier, etc., v. Insurance Co., 10 S. D. 82, 71 N. W. 761, 66 Am. St. Rep. 685, said:

"The term 'increase of hazard' denotes an alteration or change in the situation or condition of the property insured, which tends to increase the risk. These words imply something of duration, and a casual change of a temporary character would not ordinarily render a policy void, under the stipulations therein contained"—citing First Congregational Church v. Insurance Co., 158 Mass. 475, 33 N. E. 572.

It is contended that respondent's counsel was guilty of misconduct during the course of the trial, which conduct prevented appellant from having a fair trial. After a careful examination

of the record upon this point we are not convinced that appellant was prejudiced by the conduct of which complaint is made.

The other assignments have been examined, but are not deemed of sufficient importance to be specially considered in this opinion.

The judgment and order appealed from are affirmed.