PATRICK J. DAVERN, Respondent, *v.* AMERICAN MUTUAL
LIABILITY INSURANCE COMPANY, Appellant.

Insurance — contract — false representations — evidence —
estoppel — rider to policy of indemnity insurance — misrepre-
sentation made in application for policy a defense to action
to recover for loss insured against in rider — uncontradicted
evidence that misrepresentation was not made by plaintiff
but was inserted in policy by defendant without his knowledge,
if properly admitted, destructive of such defense — evidence
competent where there was no room for error or misunder-
standing — defendant estopped from urging defense based
upon its own wrong.

1. A rider to a policy of indemnity insurance providing that in
consideration of an additional premium " and subject to the terms
and conditions of the policy to which this indorsement is attached,"
the defendant would indemnify the plaintiff against loss or damage
to his own automobile, merely enlarges the scope of the insurance
or indemnity provided by the policy. It is part of the same contract,
subject to the same conditions, based upon the same application and
the declarations made therein are incorporated by reference into the
rider. Misrepresentations, therefore, made in the application for the
indemnity policy would furnish defense to an action to recover for
damage insured against by the rider.

2. Uncontradicted evidence, however, which shows that in fact
such misrepresentation was never made; that the policy was prepared
by the defendant entirely upon written information furnished by the
plaintiff at its request as a basis for quoting rates upon which it
would furnish insurance; that upon receipt of the information it
prepared and sent to the plaintiff the policy in suit but inserted therein
a statement which the plaintiff never made, and that plaintiff upon
receipt of the policy put it away without reading it, if properly
admitted, logically destroys the basis of the defense. There can be
no misrepresentation where there was no representation and there
can be no breach of warranty without warranty.

3. A contention that the policy recites that it is issued in con-
sideration of the very declaration which the evidence shows was
never made and, to that extent, the evidence tends to contradict
the written policy and is, therefore, incompetent, cannot be sustained.
There was no room for error or misunderstanding and the plaintiff

could reasonably rely upon the defendant not inserting representations which were not made and which might affect the validity of the policy. If he did rely upon the defendant sending him a policy based upon those representations and no others upon which the defendant had stated in writing it would issue the policy, the defendant has misled the plaintiff and should be estopped from urging a defense based on its own wrong. (*Forward* v. *Continental Ins. Co.*, 142 N. Y. 382; *Bollard* v. *N. Y. Life Ins. Co.*, 98 Misc. Rep. 286; 182 App. Div. 915; 228 N. Y. 521, cited and discussed.)

*Davern* v. *American Mutual Liability Ins. Co.*, 214 App. Div. 754, affirmed.

(Argued October 19, 1925; decided November 24, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 11, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Daniel Scanlon* for appellant. The trial court erred in considering the collision indorsement or rider as a contract separate and complete in itself. It was part of the policy, together with the schedule of declarations. (*Scharles* v. *Hubbard & Co.*, 74 Misc. Rep. 72; *Lancaster* v. *Southern Ins. Co.*, 69 S. E. Rep. 214; *Cushman* v. *U. S. Life Ins. Co.*, 63 N. Y. 404; *Kennedy* v. *St. Lawrence Co. M. Ins. Co.*, 10 Barb. 285; *Jennings* v. *Chenango Co. M. Ins. Co.*, 2 Den. 75; *Duncan* v. *Sun Fire Ins. Co.*, 6 Wend. 488, 494; *LeRoy* v. *Market Fire Ins. Co.*, 45 N. Y. 80; *Hayward* v. *L. & L. L. & F. Ins. Co.*, 2 Abb. Ct. App. Dec. 349; *Kuh* v. *British American Assur. Co.*, 130 App. Div. 38; 195 N. Y. 571.) The plaintiff was chargeable with knowledge of the terms of the policy and must be deemed to have accepted it as written and to have affirmed the declaration as to no prior cancellation or refusal of automobile liability insurance. (*New York Life Ins. Co.* v. *Fletcher*, 117 U. S. 519; *Danner* v. *Equitable Life Assur. Soc.*, 156 App. Div. 562; 215 N. Y. 672; *Metzger* v. *Ætna Ins. Co.*, 227 N. Y. 411; *Quinlan* v. *P. W.*

*Ins. Co.*, 133 N. Y. 356; *Hook* v. *Michigan Mutual Life Co.*, 44 Misc. Rep. 478; 139 App. Div. 922; *Gillies* v. *Preferred Accident Ins. Co.*, 110 Misc. Rep. 489; *Enthoven* v. *American Fidelity Co.*, 128 N. Y. Supp. 805; 211 N. Y. 561; *Pindar* v. *Resolute Fire Ins. Co.*, 47 N. Y. 114; *Richardson* v. *Maine Ins. Co.*, 46 Maine, 394; *Swan* v. *Watertown F. Ins. Co.*, 96 Penn. St. 37.) The liability of the parties is measured by the terms of the contract as written, and, therefore, plaintiff, who does not meet one of the material conditions of the policy, cannot recover on it. (*Baumann* v. *Preferred Acc. Ins. Co.*, 225 N. Y. 480; *Gaines* v. *Fidelity & Casualty Co.*, 188 N. Y. 411; *Stanulevich* v. *St. Lawrence Life Assn.*, 228 N. Y. 586; *Russell* v. *Prudential Ins. Co.*, 176 N. Y. 178; *Fletcher* v. *Bankers Life Ins. Co.*, 135 App. Div. 295; *Alexander* v. *Germania Fire Ins. Co.*, 66 N. Y. 464; *Pierce* v. *Empire Ins. Co.*, 62 Barb. 636; *Armour* v. *Transatlantic Fire Ins. Co.*, 90 N. Y. 450; *Goddard* v. *Monitor Ins. Co.*, 108 Mass. 56; *Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452, 462; *Jeffries* v. *Life Ins. Co.*, 22 Wall. 47.)

*George R. Fearon* for respondent. The policy of insurance issued by the defendant insuring plaintiff against damage to his automobile resulting from collision was not issued by the defendant in reliance upon the so-called representations contained in the purported copy of declarations attached to the liability policy issued by the defendant. (*Donley* v. *Glens Falls Ins. Co.*, 184 N. Y. 107; *Firemen's Fund Ins. Co.* v. *Pennant Finance Corp.*, 207 N. Y. Supp. 702.) The defendant, with knowledge of the fact that other companies had canceled liability policies theretofore issued to the plaintiff, and with knowledge of the fact that other companies had refused to renew or to issue public liability policies to the plaintiff, ratified and confirmed its previous action in issuing the policy involved in this litigation to the defendant and elected to keep said policy in effect until October 10, 1921, and to

retain the earned premium to that date.    (*Hessler* v. *North River Ins. Co.*, 211 App. Div. 595.)

Lehman, J.    The plaintiff received from defendant its policy No. A209193 dated May 11, 1921, whereby the defendant agreed to indemnify him against loss by reason of " liability for damages imposed upon him by law because of the ownership, maintenance and/or use " of a certain automobile.    The policy expressly stated that it was made " in consideration of the premium and the Declaration forming part hereof."    A " schedule of declarations " was annexed to the policy and it was stated therein that " The Following Declarations are the representations of the Insured and this Policy is issued by the Company relying upon the truth hereof."    The schedule of declarations contained the following words: " 12. No claim has ever been made against the Insured for personal injury or property damage caused by any of the Insured's automobiles except:    No exceptions. 13. No company has cancelled or refused to issue or renew automobile liability insurance to Insured except:    No exceptions."

A rider was physically attached to the policy and in express terms was stated to be " attached to and forming part of Policy No. A209193."    It provided that " in consideration of an additional premium of $150.70 and subject to the terms and conditions of the Policy to which this Endorsement is attached " the defendant would indemnify the plaintiff against loss or damage to his own automobile arising from collision.    The automobile owned by the plaintiff and described in the policy of insurance was damaged by collision and the plaintiff has brought this action upon the defendant's agreement to indemnify him against such damage as embodied in the rider attached to the policy of insurance.

At the trial the most important facts which are decisive

21

of defendant's liability under its policy were substantially undisputed. Liability is clear unless misrepresentation or breach of warranty by the plaintiff precludes recovery. The evidence shows that before the policy was issued claim had been made against the plaintiff for damages caused by an automobile which plaintiff at that time owned and that another company had refused to renew automobile liability insurance to the plaintiff. Warranty or representation contained in the schedule of declarations which affirms the contrary is to that extent untrue and gives rise to defendant's denial of liability under the policy.

At the close of the trial defendant moved for a non-suit and plaintiff moved for the direction of a verdict. The justice presiding at the trial granted the plaintiff's motion, expressing the opinion that the declarations attached to the policy of indemnity against liability for damages imposed by law were not intended to be incorporated by reference into the rider which embodied the contract of insurance against property loss caused by collision and, therefore, misstatements which might invalidate the policy itself do not affect liability under the rider.

We do not agree with this construction. The parts of the rider which we have quoted above show, we think, that the rider was intended merely to enlarge the scope of the insurance or indemnity provided by the policy. It was part of the same contract, subject to the same conditions, based upon the same application. Liability under the rider depends upon the validity of the contract of which it is a part.

We assume for the purpose of this appeal, without consideration of the general validity of such assumption, that if the plaintiff had made the statements embodied in the declaration misrepresentation would as a matter of law furnish defense to this action. Uncontradicted evidence, admitted over defendant's objections, shows that in fact such misrepresentation was never made.

The policy was not issued as the result of oral application made by the plaintiff. The defendant sent out circulars from its main office which set forth a description of the insurance which defendant offered to supply and which inclosed post cards to be returned to the main office by an applicant for insurance. On each post card was printed a request for rates for particular kinds of insurance to be indicated by the applicant and blanks for answers to printed questions intended to elicit information in regard to the nature of the risk. The plaintiff filled out the blanks for this information and we may note here that the declarations annexed to the policy are substantially a restatement of the information requested by the defendant and furnished by the plaintiff on the post card, except that no information was requested by the defendant or furnished by the plaintiff in regard to claims for damages for previous accidents or cancellation of a policy or refusal to issue or renew a policy by some other company. Upon receipt of the post card the defendant sent the plaintiff a letter quoting the rate at which it would furnish the different kinds of insurance which plaintiff had indicated upon the post card. The letter concluded with the words: "Please mark with a cross on the enclosed post card the forms of insurance you desire, also the date you wish the policy to become effective. Upon receipt of this information we will issue and forward your policy." The plaintiff followed the instructions and returned the post card marked as directed. The defendant thereupon mailed the policy and the plaintiff received it and paid the premium demanded. He testified, and upon this appeal we are bound to accept this testimony as true, that upon receipt of the policy he put the policy away without reading it.

This testimony established that the plaintiff never made any declaration that was false. The defendant requested certain information as a basis for quoting rates upon which it would furnish insurance. It received the

information requested.   It then informed the plaintiff it would send a policy of insurance.   It sent the plaintiff a policy but it inserted therein a statement which the plaintiff never made.   If the unauthorized insertion by defendant of a statement never made by the plaintiff results in giving the defendant the right to urge misrepresentation or breach of warranty as a defense to an action on the policy, then the plaintiff has received from defendant not a policy which would provide the insurance which the defendant offered to furnish in consideration of payment of premium but a policy which from the moment it was issued was subject to repudiation by the insurer.   This evidence if properly admitted logically destroys the basis of the defense — for obviously there can be no misrepresentation where there was no representation and there can be no breach of warranty without warranty.   On the other hand, the policy recites that it is issued in consideration of the very declaration which the evidence shows was never made and to that extent the evidence tends to contradict the written policy and its competency is, therefore, challenged.   In effect the plaintiff urges that defendant may not assert falsity of representation that was never made, and defendant urges that plaintiff may not assert that a representation was in fact not made where the representation is embodied in the written policy.

In the present case, as already stated, no oral representations were made by plaintiff and no negotiations had with any agent of the defendant.   When the defendant prepared its policy there was no room for any misunderstanding or mistake on its part as to what representations had been made.   The defendant had asked for the information it desired in order to permit it to decide whether it would assume the risk of insuring the plaintiff. It obtained the information it sought and it notified the plaintiff that the information was satisfactory.   It took upon itself the task of preparing the policy.   Perhaps

it might have had, even then, the right to refuse to issue the policy except upon new conditions it might still impose, including the giving of additional information. We assume that the contract was even then not complete and the plaintiff could not compel the defendant to issue nor could the defendant compel the plaintiff to accept a policy if either saw fit to abandon intention previously expressed or to demand additional condition for which there was no previous stipulation. The contract of insurance, we may assume, became fixed and complete only when the policy was delivered and accepted and the policy embodies the terms of the contract. Offer and acceptance of the policy made its terms binding upon both parties. Negligent failure on the part of the plaintiff to read the contract would not change its binding character. If plaintiff should have read the policy, if the defendant had a right to assume that the plaintiff would read the contract or assented to its terms without reading it, then the apparent assent evidenced by retention of the policy without objection would bind the plaintiff as completely as if every term had been discussed and agreed upon in advance. " Throughout the formation of contracts it is to be observed that not assent, but what the other party is justified as regarding as assent is essential." (Williston on Contracts, section 35.) The question in this case is whether the defendant was justified in regarding as assent to all the terms of the policy its retention by the plaintiff without objection or whether on the contrary the plaintiff had the right, without reading it, to rely on the defendant sending a policy which contained only declarations actually made, and the defendant misled the plaintiff into apparent acceptance of a contract containing false affirmations.

Two cases which have been passed upon by this court may furnish illustration of opposite inferences drawn from varying circumstances. In *Forward* v. *Continental Insurance Co.* (142 N. Y. 382) the insurance policy contained

a warranty or condition which the insurance company knew was untrue when the policy was issued and this court held that the company had either waived the condition or was estopped by the delivery of the policy or the receipt of the premium from asserting the breach of warranty. The principle of that case has been followed in other cases too numerous for citation. On the other hand, in the case of *Bollard* v. *N. Y. Life Insurance Co.* (98 Misc. Rep. 286; affd., on opinion below, 182 App. Div. 915; affd., 228 N. Y. 521) the insured was not permitted to show that he had orally made different representations from those contained in the written application annexed to the policy. In that case, however, the oral answers were given to an agent and the insured knew that they were reduced to writing by the agent. He knew further that the answers so reduced to writing were annexed to the policy delivered to him, as required by statute, so that he might have the opportunity to examine the answers which the insurance company claimed he had given before it assumed the risk. The company was compelled to rely on its agent as to the nature of the representations made. The insured had personal knowledge and under such circumstances the company had the right to rely upon the correctness of the answers inserted in the policy, since, with full knowledge by the insured that opportunity to examine the policy and the representations upon which the company claimed that it was issued was offered the insured for his protection and to enable him to object, the insured chose to accept the policy as correct without examination.

In that case duty was laid upon the insured to examine the policy to detect error or misunderstanding which might reasonably be expected to occur at times. In the present case there was no room for error or misunderstanding. Definite questions were asked in writing and answered in writing direct to the home office of the company. It undertook to prepare the policy without

inserting representations that were not made. It might well be found that where there was no room for error the plaintiff could reasonably rely upon the defendant not inserting representations which were not made and which might affect the validity of the policy. If he did rely upon the defendant sending him a policy based upon those representations and no others upon which the defendant had stated in writing it would issue the policy, the defendant has misled the plaintiff and should be estopped from urging a defense based on its own wrong. (See *McMaster* v. *New York Life Insurance Co.*, 183 U. S. 25.) In view of the rule that upon appeal from a verdict directed after both sides have moved for judgment any question of fact must be determined in favor of the successful party, the defendant has failed to prove any defense and the judgment should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.