# WILLIAMS, Respondent, v. BLACK HILLS BENEFIT LIFE ASSOCIATION, Appellant

## (19 N. W.2d 769.)

(File No. 8749. Opinion filed September 12, 1945.)

Rehearing Denied Oct. 25, 1945.

**Whiting & Wilson,** of Rapid City, for defendant and Apellant.

**Thomas G. Wall,** of Sturgis, for plaintiff and Respondent.

RUDOLPH, J.   Plaintiff brought this action to recover upon a policy of insurance or membership certificate issued to Beryl Otto Williams by the Black Hills Benefit Life Association wherein plaintiff is named as beneficiary.   The application for the insurance was taken by Florabelle Lewis, the agent of the defendant association.   Prior to taking the application upon which the present policy is based this same agent had taken an application for insurance by the insured in the South Dakota Underwriters of Doland, South Dakota. This agent was the agent for both companies.   In connection with the application made to the Doland Company the insured was examined by a physician and as a result the application for insurance was disallowed by the Doland Company.   The agent, Lewis, was advised of this action.   It further appears that in 1937 Mr. Williams consulted a doctor in regard to his health and at that time was confined to a hospital for several days, which fact was known by the agent.   Shortly after the rejection by the Doland Company the agent again called upon Mr. Williams and advised him that she had a "nonmedical company at Rapid City for which she was writing."   As a result of this visit by the agent it appears that the insured signed an application in blank on March 1, 1940, which was later filled in by the agent Lewis and forwarded to the company.   Included in the application were the following questions:   "Have you consulted or been treated by any Physician or Practitioner for any illness not included in the above answers?"   "Has any life insurance company ever examined you without issuing a policy exactly as applied for?"   "Have you consulted a Physician, or Practitioner, or been confined in any hospital, sanitarium, or clinic during the past five years?" To all of these questions the written answer "No" was inserted in the application.   Following these questions there appears in black-faced type above the line for signature on the application the following:

"I hereby warrant, declare, represent and agree on behalf of myself and every person or corporation who may have or claim any interest in any benefit certificate on this application; that I have read or heard read and understand all statements and answers as written or printed in this application; that they are full, complete and true without evasion or concealment, whether written by my own hand or not; that such form the basis of contract if one be issued and that they are made by me to obtain said benefit certificate. I further agree that if it should develop that I have misrepresented a material fact covered by the foregoing statements and answers, or have failed to give full disclosure of any material fact, then my policy issued hereunder shall be null and void. I agree to the terms of the now existing By-Laws or as hereafter amended or changed."

The application for membership was inserted in and became a part. of the policy. Based upon this application the defendant association issued its certificate of membership to Williams on the 7th day of March, 1940. This certificate was mailed to the insured together with a postcard returnable to the association which had typed thereon the following:

"Received of the Black Hills Benefit Life Assocation, Rapid City, S. D., Benefit Certificate 7882. I have read the copy of my signed application on page three of said policy, and the answers and statements made therein by me are correct and the policy is hereby accepted. I warrant that I signed the Original application personally, and that I am now in good health."

This card was signed by the insured and witnessed by the plaintiff and returned through the mail to the defendant association. In addition to the typed matter on the. card there is written above the signature of Beryl Otto Williams the following:

"My birthplace is Mo. instead of Miss."

On May 22, 1941, the insured died of a coronary disease. The trial court entered judgment for the plaintiff and defendant has appealed.

██ It is clear that if the applicant for insurance had falsely answered the questions above set out, and the falsity of such answers was not known to the agent, such false answers would have rendered the policy void. Hohenthaner v. Mutual Life Ins. Co., 62 S. D. 8, 250. N. W. 370; Life Benefit, Inc. v. Forbragd, 68 S. D. 38, 298 N. W. 259. However, respondent contends that the facts of the present case estop the defendant from asserting the invalidity of the policy. Respondent bases this contention upon the holdings of this court to the effect that a soliciting agent of a mutual benefit association is in effect the general agent of the association and the agent's knowledge of any fact that might increase the risk is the knowledge of the company. Thomas et al. v. Modern Brotherhood of America, 25 S. D. 632, 127 N. W. 572; Fosmark v. Equitable Fire Ass'n, 23 S. D. 102, 120 N. W. 777. But the rule upon which respondent relies should not be without limitation. The rule, we believe, contemplates the existence of entire good faith on the part of the insured, and the absence of circumstances that would impute to him knowlerge that the insurer would be deceived by the application submitted. "An agent can never have authority, either actual or ostensible, to do an act which is, and is known or suspected by the person with whom he deals to be, a fraud on the principal." SDC 3.0208. Frazier v. Hartford Fire Ins. Co., 51 S. D. 40, 211 N. W. 973.

██ We may assume in this case that the agent inserted the false answers in the application without the knowledge of Mr. Williams, and we pass the question of the duty of the insured to read the application at the time of signing. The facts disclose that the application was made a part of the policy, and this fact was called to the attention of the insured when the policy was sent to him. In the return postcard, which accompanied the policy, Mr. Williams called attention to the company to the error in his birthplace as it appeared in the application. It is apparent, therefore, that he read the application as attached to the policy, and after reading, stated to the company in writing that the "answer and statements made therein by me are correct." The general rule, which is in line with our statutory provision, SDC

3.0208, above quoted, is stated in 29 Am. Jur. Insurance, § 847, as follows:

"If the insured, after the delivery of the policy, discovers that a fraud has been perpetrated by means of false answers, it becomes his duty to make the fact known to the company. Otherwise, through continuing to hold the policy, he may be deemed to approve the action of the agent, and thus become a participant in the fraud".

The United States Supreme Court in passing upon a state of facts somewhat similar to those disclosed by this record stated in the case of New York Life Ins. Co. v. Fletcher, 117 U. S. 519, 6 S. Ct. 837, 844, 29 L. Ed. 934: "* * * Assuming that the answers of the assured were falsified, as alleged, the fact would be at once disclosed by the copy of the application, annexed to the policy, to which his attention was called. He would have discovered by inspection that a fraud had been perpetrated, not only upon himself, but upon the company, and it would have been his duty to make the fact known to the company. He could not hold the policy without approving the action of the agents, and thus becoming a participant in the fraud committed." See also Annotations 81 A. L. R. 833-871, 117 A. L. R. 790.

We conclude, that in falsifying the answers in the application the agent was acting against the interest of the company, that Mr. Williams was advised of this fact when he read the copy of the application attached to the policy, and because of his failure to notify the company and by retaining the policy he must be deemed a participant in the fraud of the agent. The facts, in our opinion, show affirmatively the lack of good faith on the part of the insured, which differentiates this case from the case of Thomas v. Modern Brotherhood, supra, where it appeared that the medical examiner for the company had inserted a false answer to a question in the application, but immediately upon the discovery of this fact the insured and her husband called it to the attention of the agent, who advised them that such answer was immaterial and made no difference.

The judgment appealed from is reversed.

SMITH, P.J., and ROBERTS and SICKEL, JJ., concur.

POLLEY, J., not sitting.