FLANAGAN, Respondent, v. SUNSHINE MUTUAL
INSURANCE CO., Appellant

(41 N. W.2d 761)

(File No. 9085. Opinion filed March 10, 1950)

Rehearing denied May 8, 1950

**Whiting, Wilson & Lynn,** Rapid City for Appellant.

**Julius F. Sieler,** Rapid City, **H. M. Lewis,** Hot Springs, for Respondent.

SICKEL, J.  This is an action brought to recover on an automobile insurance policy.  Glen Flanagan, a minor, purchased a car from the James Auto Sales Company of Hot Springs.  Part of the purchase price was paid in cash and the balance was represented by a conditional sales con-

tract executed by the purchaser and the seller, and assigned by the seller to the Central Credit Corporation of Rapid City. The car was insured first in the Central National Insurance Corporation. This policy was cancelled by the insurer and another policy was issued and delivered to the Central Credit Corporation by the Sunshine Mutual Insurance Company, defendant. Thereafter the car was damaged by an accidental upset. Defendant denied liability and this action was commenced by the plaintiff to recover on the policy of insurance. Judgment was entered for plaintiff and defendant appealed.

Notice of cancellation of the policy of the Central National Insurance Corporation was given by serving the Central Credit Corporation, but no notice of cancellation was given to the insured. It is the contention of appellant that the policy was still in effect at the time of the upset. The conditional sales contract contains the following provision: "Seller may insure said property against fire and theft, or any accidental physical damage to the car to protect purchaser, seller or seller's assignees." The assignment of this contract to the Central Credit Corporation vested in the assignee the authority of the seller to insure the car. It is the general rule that if the insured authorizes an agent not only to insure but to keep the property insured, with power to select the insurer, and the agent then places the insurance in a company not represented by him, he is the agent of the insured and notice of cancellation to such agent binds the owner. McGraw Wooden Ware Co. v. German F. Ins. Co., 126 La. 32, 52 So. 183, 38 L.R.A., N. S., 614 and note, 20 Ann.Cas. 1229; 29 Am.Jur., Insurance, § 282. Here the authority of the Central Credit Corporation was to keep the car insured in any company it might select so long as the contract remained in effect. The Credit Company was not the agent for any insurance company but was the agent of the insured. Notice of cancellation of the Central National Insurance policy was notice to the insured and was sufficient to cancel the policy whether the owner of the car was advised of the cancellation or not. After the cancellation of the Central National policy the Central Credit Corporation was authorized to procure other

insurance. This it did under the authority of the contract.

Appellant also contends that Holm, agent of the appellant, and Ray, manager of the Central Credit Corporation, concealed from appellant the fact that the insured car was encumbered by the conditional sales contract, and that the insurance on the car had been previously cancelled by another insurance company; that this was done in order to induce appellant to insure the car.

■ ■ The evidence shows that Ray as assistant manager of the Credit Corporation telephoned the office of Holm, doing business as the Rapid Insurance Agency, agent for appellant, and requested a policy of insurance on the car. The written application was prepared in Holm's office. The application stated the name of the insured, a description of the car and the coverage. Items 6, 7 and 8 of the application were in the following form: "Item 6. The named Insured is the sole owner of the automobile except as herein stated: _____. Item 7. Amount of Mortgage, Lien or other Encumbrance, if any, $_____ If mortgaged or encumbered, loss, if any, under Coverages C, D, E, F, or G, Payable as interest may appear to the named Insured and _____. Item 8. No automobile insurance has been cancelled by any company during the past year, except as herein stated: _____." The application form was not signed by Flanagan nor by anyone representing the Central Credit Corporation. Holm, the agent, mailed it to the home office of appellant, where the policy was written. The first page of the policy is a copy of the application except that the word "None" has been typed in the blank space in Item 6, in the second space in Item 7, and in the only space in Item 8. "It is generally held that where, upon the face of an application, a question appears to be imperfectly or incompletely answered, or not answered at all, the issuance of a policy without further inquiry waives the want of, or the imperfection in the answer." 29 Am.Jur., Insurance, § 836; Great Southern Fire Ins. Co. v. Burns, 118 Ark. 22, 175 S.W. 1161, L.R.A. 1916B, 1252, Am.Cas. 1917B, 497 and note. The fact that the insurance company inserted the word "None" in the blank spaces of the application as it appears in the policy shows

that the company considered the questions asked in Items 6, 7 and 8 of the original application as unanswered. The insurance company failed to make any further inquiry in regard to ownership, encumbrances or the previous cancellation of other insurance on the car, and this amounted to a waiver of the conditions of the policy relating to these subjects. Farmers State Bank v. Tri-States M. G. D. Fire Ins. Co., 41 S.D. 398, 170 N.W. 638. In view of the waiver, the insurance company is in no position to claim fraud on the basis of failure to make a disclosure of the facts.

Appellant relies upon the case of Williams v. Black Hills Ben. L. Ass'n., 70 S.D. 611, 19 N.W.2d 769. The facts in that case were entirely different. There the insured signed an application which was partially blank. False answers were later filled in by the agent of the insurance company. The policy, of which the application was a part, was then delivered to the insured who signed a receipt therefor and which included a statement that the facts stated in the application were true. Some of these facts were known by the insured to be false when he signed the receipt. This was a misrepresentation of fact made by the insured to the insurer and upon which the insurer relied in executing and delivering the policy. That was fraud. In this case neither the insured nor his agent ever saw the application. They made no false answers to the insurance company, either before or at the time of the delivery of the policy. The statements which were inserted in the policy by the insurance company, and upon which the company now seeks to escape liability were never made to the company by or on behalf of the insured.

Appellant also contends that it was the duty of the insured to read his policy, and that he is bound by its provisions whether he did so or not. Plaintiff was justified in assuming that the insurer had not inserted in the policy, representations not made to it, and which might affect the validity of his insurance, and no duty rested upon him to search the policy for such matters. His acceptance of the policy and his retention of it without discovery of the insertions do not bar recovery in this case. Darvern v.

American Mut. Liability Ins. Co., 241 N.Y. 318, 150 N.E. 129, 43 A.L.R. 522, and note.

Judgment affirmed.

ROBERTS and RUDOLPH, JJ., concur.

HAYES, P.J., and SMITH,J., concur in result.