FRAZIER, Respondent, v. HARTFORD FIRE INS. CO. et al, Appellants.

(211 N. W. 973.)

(File No. 5925.   Opinion filed January 28, 1927.)

1.  **Insurance—Evidence Held to Show that Amount of Fire Policy So Exceeded Value of Property as to Impose Moral Hazard that No Prudent Company Would Assume.**

    Evidence held to show that amount of fire insurance policy sued on was so greatly in excess of the value of the property insured, with knowledge of insured and association from which she was purchasing it, as to impose such a moral hazard that no prudent company would knowingly assume the risk.

2.  **Principal and Agent—Agent Can Represent Adverse Parties Only with Their Actual or Implied Knowledge and Utmost Good Faith.**

    While there are exceptions to the rule that an agent cannot represent an adverse interest in the same transaction, an agent undertaking to represent adverse parties must do so with their knowledge, actual or implied, and the utmost good faith.

3.  **Insurance—Agent's Permission to Write Insurance on Property of Association in Which Interested Would Not Excuse Concealment of Facts as to Risk (Rev. Code 1919, § 1246).**

That insurer's agent had insurer's consent to write insurance on property owned by an association, of which he was a stockholder, director, and officer, would not excuse him from making full disclosure, nor for concealing facts as to risk imposed, especially in view of Rev. Code 1919, § 1246.

4. **Insurance—Issuance of Policy Solely in Interest of Insured and Association, in Which Agent Was Interested, Held Fraud Vitiating Policy from Inception.**

Issuance of fire insurance policy by an agent, acting with insured's knowledge solely in the interest of insured and an association, of which the agent was a stockholder, director, and officer, held a fraud on insurer invalidating the policy from its inception.

Note.—See, Headnote (1), American Key-Numbered Digest, Insurance, Key-No. 665(3), 26 C. J. Sec. 757; (2) Principal and agent, Key-No. 70, 2 C. J. Sec. 367; (3) and (4) Insurance, Key-No. 81, 32 C. J. Sec. 149.

Appeal from Circuit Court, Hughes County; Hon. JOHN F. HUGHES, Judge.

Action by Marguerite O. Frazier against the Hartford Fire Insurance Company and the Union Savings Association. From a judgment for plaintiff and defendant Association, and an order denying a new trial, the Insurance Company appeals. Reversed.

*Cherry & Davenport,* of Sioux Falls, for Appellant.

*Martens & Goldsmith,* of Pierre, for Respondent Frazier.

*Christopherson & Melquist,* of Sioux Falls, for Respondent Union Savings Association.

POLLEY, J.  This action was brought to recover on a fire insurance policy for damages to a frame building situated on two certain lots in the city of Pierre.  The policy was issued to plaintiff on the 22d of August, 1921.  At the time of the issuance of the policy, and for some five or six years prior thereto, the title to the insured property had been in the Union Savings Association. But on the 7th day of July, 1920, said association entered into a contract with plaintiff for the sale of said property to plaintiff for the sum of $4,000, of which amount $300 was paid when the contract was entered into, and the balance of $3,700 and interest was to be paid in monthly installments of $50 per month, and title was to be conveyed to plaintiff when all payments had been made. Plaintiff was given possession of the property at the time of en-

tering into the contract and occupied the building thereon as a dwelling until the 22d day of March, 1922, when said dwelling was damaged by fire. Plaintiff filed a proof of loss, claiming that the building was totally destroyed, and demanding that the full amount of the policy be paid to herself and said association as their interests then appeared. Payment was refused. The association refused to join with plaintiff in an action to recover on the policy, and plaintiff joined the association with the insurance company as a defendant.

Plaintiff, in her complaint, alleged a total destruction of the property, and claimed that because of such destruction defendant was indebted to plaintiff and the said association in the sum of $4,000, with interest thereon from and after the 18th day of March, 1922. The defendant association interposed a separate answer, in which it alleged substantially the facts set out in the complaint and asked the same relief as the plaintiff.

Defendant insurance company filed a separate answer in which it set up as a defense such misrepresentation and concealment of facts in procuring said policy as to render it void. Defendant also claimed that the fire that injured the said building had been started through the connivance and procurement of plaintiff, and that for that reason she was not entitled to recover.

Verdict and judgment were in favor of the plaintiff and the defendant association and against the insurance company. From this judgment and an order denying a new trial, the insurance company appeals.

The first of the above-named defenses is based on the following facts and circumstances. Title to the property involved was acquired by the association through foreclosure proceedings in 1915. The property consisted of two building lots, a story and half frame building with a basement story built of brick, and a sub-basement containing a heating plant. Annexed to the said building and a part of said property was a greenhouse, consisting of two glass covered structures, one 21 feet by 90 feet and the other 14½ feet by 77 feet.

For a considerable length of time prior to the making of the contract with plaintiff the association had been endeavoring to dispose of the said property. Just prior to the making of the contract for the sale of the property to plaintiff the association

had been negotiating with various parties in the city of Pierre for the sale of said property. In these negotiations the association offered to sell the frame portion of the building for the sum of $2,000 in cash, with the privilege of moving said structure from the brick basement, but was unable to make such sale. During these negotiations one J. C. Vandagrift, was a stockholder, director, secretary treasurer, and managing officer of the association, and personally carried on said negotiations. Shortly after plaintiff entered into the contract for the purchase of the property, she procured a policy of insurance insuring the same for $4,000. The premium on said policy was not paid, and after repeated unsuccessful attempts to collect said premium the policy was canceled because of the failure to pay said premium, and notice of such cancellation with the reason therefor was served on the said Vandagrift.

In June, 1921, the said Vandagrift was appointed by the defendant insurance company to act as its agent to write fire insurance and issue policies in the name of said company, and it was the said Vandagrift who, on the 22d day of August, 1921, issued the said policy. Attached to said policy was a rider entitled, "Mortgage clause with full contribution," which contained the following provision:

"Loss or damage, if any, under this policy, shall be payable to Union Savings Association, of Sioux Falls, S. D., as mortgagee, as interest may appear."

In his "daily report" to appellant said Vandagrift referred to this policy and set out the said mortgage clause, from which it appeared that plaintiff was the owner of said property and was the mortgagor, and that the said association was the mortgagee.

Vandagrift's appointment as agent for appellant was in writing, and with such appointment was a set of instructions specifying his duties and limiting his authority as such agent. Said instructions contain the following paragraphs:

"Daily reports must be mailed to us on the day the risk is bound, and contain statement of additional and exposing lines and all other information pertaining to the risk, fully and faithfully stated. The form should be an exact copy of what is written on or attached to the policy, with duplicates of all clauses attached thereto.

"Moral hazard. In the selection of risks, be careful to guard against and decline unconditionally any risk where a moral hazard is discovered. Be satisfied that your assured is honest, careful, free from financial embarrassment, and that his property is productive and profitable. Scrutinize values and place the same upon a true cash basis. Remember, true value is not represented by cost; the 'present cash value' is the basis of insurance."

At the time the policy was written, plaintiff was not the owner in fee of the property and had no interest therein other than such as she had under her contract to purchase. After entering into this contract, plaintiff sold the greenhouse thereon and the same was removed from the premises. For this she received something over $800, $500 of which was applied on the purchase price of the property. At the time of the fire she was in arrears with her monthly installments and interest on the principal more than $800. Vandagrift knew this fact, and he also knew when he issued the policy that the former fire insurance policy on the property had been canceled because plaintiff could not pay the premium. Such policy was canceled on the 20th day of August, 1921. Notice of such cancellation was mailed to the association at Sioux Falls on the same day, and on the 22d day of August, Vandagrift issued the policy involved in this suit, but without any application or solicitation thereto by the plaintiff. The premium on this policy was afterwards paid by a former husband of the plaintiff. In the issuance of this policy Vandagrift appears to have acted wholly on his own initiative and solely on behalf of the association and the plaintiff.

[1] It is contended by appellant that the amount of the policy was greatly in excess of the value of the property insured, and that this fact was known to the plaintiff and the association when the policy was issued. And in this contention appellant is borne out by the record. By his written instructions Vandagrift was expressly instructed not to insure property for more than its present cash value. In this case Vandagrift, acting as the managing officer of the association, had contracted to sell the entire property consisting of the frame structure, the brick basement, the sub-basement and heating plant, the greenhouse, and the two lots for $4,000. The evidence on behalf of plaintiff and the association showed the lots to be worth $300 each, and the greenhouse was

worth at least $800. The greenhouse had been sold and removed before the policy was issued. The lots were not insured, yet Vandagrift issued a policy in the name of the appellant for the full value of the entire property as it was before the greenhouse was removed. These facts were all known to the association and to Vandagrift and to the plaintiff when the policy was written, but unknown to the appellant at any time previous to the fire. And to show that Vandagrift and plaintiff intended to overinsure this property and to collect more than enough to indemnify themselves in case of fire, they are now prosecuting this action for the recovery of value of the entire property, notwithstanding the fact that they have received $800 for the greenhouse, that they still have the two lots; that the basement story, the sub-basement, and the heating plant are intact, and the fram structure itself is not totally destroyed. Again, Vandagrift, in insuring this property for an amount in excess of its present cash value, attempted to impose a moral hazard upon appellant. When the insured in a fire insurance policy will profit by a fire, a moral hazard exists. If plaintiff and the association were to prevail in this case, both parties would greatly profit by the fire. The association would recover the full amount for which it sold the entire property, less what had already been paid on the purchase price, and receive it all in a lump sum in cash; the plaintiff would receive back all the money she had paid on the purchase price of the property and still have the two lots, the damaged building, the basement story, the foundation, and the heating plant. So great, indeed, was the moral hazard involved in this transaction that no prudent, capable person or company would knowingly assume the risk.

[2, 3] It is contended by the appellant that Vandagrift, in issuing the policy involved, was attempting to act as agent for both the insurer and the insured; that in attempting to so act he was violating the well-established rule that an agent cannot represent adverse interests in the same transaction, in other words, that he cannot "serve two masters" at the same time. Of course, to this rule there are exceptions, but where an agent undertakes to represent adverse parties, it must be done with knowledge, actual or implied, of such parties, and the utmost good faith must be shown. It is contended by respondents that Vandagrift had the consent of appellant to write insurance on property owned by the association.

The evidence does not substantiate this claim. But, assuming he had such permission, this would not excuse him from making full disclosure, nor for concealing the facts relative to the risk he was attempting to impose upon appellant when he issued the policy.

"An agent can never have authority, either actual or ostensible, to do an act which is, and is known or suspected by the person with whom he deals, to be a fraud upon the principal." Section 1246, Code of 1919.

[4] In issuing the policy in this case Vandagrift, while assuming to act for and on behalf of appellant, as a matter of fact, was acting solely in the interest of the respondents and against the interest of appellant. This amounted to a fraud upon the appellant, and plaintiff not only had reason to suspect such fraud but had actual knowledge of the same. Under these circumstances, the policy was void from its inception and the court should have directed a verdict for appellant.

This disposes of the whole case, and it is not necessary to consider the numerous other errors disclosed by the record.

The judgment and order appealed from are reversed.