JOHN A. HUKLE, Plaintiff, *v.* GREAT AMERICAN INSURANCE COMPANY and Others, Defendants.

First Department, November 7, 1930.

*George X. Levine* of counsel [*Moos. Nathan, Imbrey & Levine,* attorneys], for the plaintiff.

*Stanley Garten* of counsel [*Pariser & Garten,* attorneys], for the defendants.

MARTIN, J. On August 25, 1928, a fire damaged the premises known as Nos. 723–727 East One Hundred and Thirty-fifth street, county of Bronx, city of New York, which premises were covered by three policies of fire insurance issued by the respective defendants.

The plaintiff now seeks to recover from the insurance companies the loss sustained by the fire amounting to $1,142.28. The defendants disclaim all liability on the sole ground that the premises were unoccupied for a period of about four months prior to the fire. The question of vacancy is not in the case, the parties having stipulated that at no time prior to the fire were the premises vacant. The building was owned by Mary Hukle, the plaintiff's assignor, and was equipped as a machine shop and leased to a tenant. After the tenant had ceased to occupy the building, it remained unoccupied and unused as a factory and machine shop for a period of about four months, when the fire occurred, resulting in the claim made upon the defendants for the proportionate amount of the fire insurance carried by plaintiff's assignor.

Each of the said policies of insurance contained the standard provision in the body of the form as follows: "*Unless otherwise provided by agreement in writing added hereto*, this Company shall not be liable for loss or damage occurring \* \* \* (f) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days."

The tenant of these premises was in possession and continued to maintain control and supervise the property under its lease and also continued to pay rent for the premises to Mary Hukle. The premises were not vacant from the 1st day of May, 1928, down to and including the 25th day of August, 1928, nor at any other time, but during the said period from May 1, 1928, to August 25, 1928, the building was unoccupied as an active manufacturing establishment.

The defendants contend that they are not liable because the policy contained a clause that "unless otherwise provided" by agreement in writing added thereto, the company shall not be liable for loss or damage if the building is unoccupied beyond a period of ten days. Such a construction overlooks the fact that it was otherwise provided and that attached to this policy was what is commonly known as a "rider," in which it was *otherwise provided* that the premises might remain unoccupied for a portion of the year. It is now well settled that a rider attached to the face of the policy is a part of the contract. (*Hopkins* v. *Conn. Gen. Life Ins. Co.*, 225 N. Y. 76; *Scharles* v. *Hubbard, Jr. & Co.*, 74 Misc. 72; *Hardy* v. *Lancashire Ins. Co.*, 166 Mass. 210; *Quinn* v. *Fire Association of Philadelphia*, 180 id. 560; *Benedict* v. *Ocean Insurance Co.*, 31 N. Y. 389.)

In the case of *Davern* v. *American M. L. Ins. Co.* (241 N. Y. 318) the Court of Appeals held that a rider to a policy of indemnity insurance providing that in consideration of an additional premium "and subject to the terms and conditions of the policy to which this indorsement is attached," the defendant would indemnify the plaintiff against loss or damage to his own automobile, merely enlarged the scope of the insurance or indemnity provided by the policy; that it was a part of the same contract, subject to the same conditions, based upon the same application and the declarations made therein were incorporated by reference into the rider, and that misrepresentations, therefore, made in the application for the indemnity policy would furnish defense to an action to recover for damage insured against by the rider.

In *Knowlton* v. *Patrons' Androscoggin Mutual Fire Ins. Co.* (100 Me. 481; 62 Atl. 289) it was held that the provisions of the standard policy relating to the vacancy of the premises was

modified by the separate slip or rider attached to the policy. In that case it was further held that the term " rider " is applied to an additional paper attached to and forming a part of an insurance policy.

The rider in the case before the court was in writing and as frequently occurs when parties enter into a contract of insurance it was found that the period of unoccupancy permitted in the body of the policies was too short and should be extended. The rider attached to the policy was for the purpose of extending the period during which the premises might remain unoccupied. It was to enlarge the rights of the insured under the policy so that the property might be covered by insurance though it was unoccupied for a longer period than ten days.

The policy clearly contemplated that it might be necessary to enlarge the time that the building might remain unoccupied beyond the period of ten days. This is emphasized by the phraseology of the clause with reference to this subject. It is there stated that " unless otherwise provided by agreement in writing " the period shall be but ten days. If it was otherwise provided in writing, the period of unoccupancy would be in accordance therewith.

It is impossible to read the rider in question without coming to the conclusion that it was intended thereby to grant some privilege, for it says " *privileged* to remain unoccupied a portion of each year." If this rider is to be read in the ordinary manner, it means that an additional privilege was given that the building might remain unoccupied for a portion of each year and in case of fire the insurer would be liable. If this rider were not to be read as contended by the plaintiff it would serve no purpose whatever. The defendants contend that it means privileged to remain unoccupied for ten days of each year. Without any rider the policy gave the right to permit the premises to remain unoccupied for a period of ten days. It was, therefore, unnecessary to annex a rider to accomplish the same result. The purpose and intent of a rider in many instances is to grant additional rights or privileges to the insured, which rights or privileges are either not granted by the original policy or are limited and insufficient. In order to make such rights and privileges conform to the wishes of the insured, that purpose is accomplished by annexing to the policy a rider such as is annexed to the policies of insurance in question.

We have reached the conclusion that a proper construction of these policies requires us to hold the defendants liable for the amount agreed upon by the parties as the share these policies must bear toward reimbursing the plaintiff for the loss sustained by the fire.

The plaintiff should, therefore, have judgment against the defendant Great American Insurance Company for the sum of $241.89, with interest from October 22, 1928, and against the defendant The Phœnix Insurance Company of Hartford, Connecticut, for the sum of $497.23, with interest from said date, and against the defendant Springfield Fire and Marine Insurance Company of Springfield, Massachusetts, for the sum of $403.16, with interest from said date, but without costs.

Dowling, P. J., and Finch, J., concur; McAvoy and O'Malley, JJ., dissent.

O'Malley, J. (dissenting). The controversy submitted involves the rights of the parties under three policies of fire insurance. The loss for which the plaintiff seeks recovery occurred while the insured premises were unoccupied. The defendant companies resist payment upon the ground that such unoccupancy had continued for a period of approximately four months in violation of the provisions of the policies.

The policies are in the standard form and each contains this provision: "Unless otherwise provided by agreement in writing added hereto, this Company shall not be liable for loss or damage occurring * * * (f) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of ten days."

The rider attached to each contained, among other provisions, the following: "Privileged to remain unoccupied a portion of each year."

The question presented is whether in view of the standard form provision first quoted which renders void the policy in the event the premises remain unoccupied for a period beyond ten days, the clause last quoted from the rider permits the premises to be unoccupied for a period of four months.

Plaintiff urges that the question must be answered in the affirmative. In fact it is contended that under the rider provision it is permissible to leave the premises unoccupied three hundred and sixty-four days of the year. In other words, an occupancy of one day is sufficient to entitle the insured to recover for any loss which may occur.

In our view this construction may not be adopted. To justify it there would have to be read into the rider clause the word "any" in place of the word "a." Of course, it is not to be presumed that the rider provision was included without purpose. On the other hand, it should not prevail over the provision of the standard

form unless there be irreconcilable conflict. All parts of the contract are to be harmonized and given effect, and unless the rider provision is irreconcilable with the language of the provision in the standard form, the latter must be given effect. If they are wholly inconsistent, the rider must control. (2 Cooley's Briefs on Insurance [2d ed.], p. 1012; 14 R. C. L. " Insurance," § 107, pp. 933, 934; *Merchants' Insurance Co.* v. *Allen,* 121 U. S. 67, 69; *Kratzenstein* v. *Western Assurance Co.,* 116 N. Y. 54, 57.)

This particular clause of the rider was but one of many others. Had it stood alone there might be some force to the contention that it was inserted to change the conditions of the policy itself in the respect noted. Reading the two clauses together it is quite clear that the portion of each year during which plaintiff was privileged to have the premises remain unoccupied was for a period not to exceed ten days.

It follows that judgment should be for the defendants.

McAvoy, J., concurs.

Judgment directed for plaintiff as indicated in opinion, without costs. Settle order on notice.