HAY *v*. CONNECTICUT MUT. LIFE INS. CO.*

(*Nashville*, December Term, 1939.)

Opinion filed April 6, 1940.

---

*This case reprinted and annotated, 128 A. L. R., 548.

Waring, Walker & Cox, and Sam P. Walker, all of Memphis, for complainant.

Armstrong, McCadden, Allen, Braden & Goodman, W. P. Armstrong, and Thos. C. Farnsworth, all of Memphis, for defendant.

Mr. Justice DeHaven delivered the opinion of the Court.

This cause is before the court on complainant's appeal from the decree sustaining defendant's demurrer to the bill and dismissing the same.

Complainant seeks by her bill to recover double indemnity under the provisions of an agreement appearing as a rider to a policy of life insurance issued by defendant to J. B. Hay, on August 14, 1936, in the sum of $2,000, and naming complainant as beneficiary. The premium on the double indemnity agreement was $2.50, payable on August 15, 1936, and a like amount on each anniversary thereafter. The premium on the policy was $48.68 per annum, which, together with the premium under the double indemnity contract, it was agreed should be paid in quarterly installments. These installments were paid until May 15, 1939. Under the terms of the policy the insured had thirty-one days within which to pay the quarterly instalment due May 15, 1939, but defaulted in the payment of the same.

Under the heading "General Benefits and Provisions," found in the policy, appears the following:

"If any premium or installment of premium on the policy be not paid as herein provided, then all liability on account of this policy shall wholly cease and determine except as otherwise herein provided."

The policy further provides:

"If, after due payments of two or more full annual premiums hereon, a premium or instalment of premium be not paid as herein provided, the Company will grant

"Participating Extended Insurance, payable as herein provided, for the face amount of this Policy, increased by the amount of any outstanding paid-up additions hereto and decreased by the amount of any existing indebtedness to the Company on or secured by this Policy, for such term, reckoned from the due date of such unpaid premium or instalment of premium, as the then Cash Value of this Policy, less such indebtedness, will purchase as a net single premium, provided, however, that the term shall not extend beyond the original term of this Policy, and the excess value, if any, shall be applied as a net single premium to purchase Pure Endowment Insurance, payable at the end of such term if the Insured be then living."

Under the heading "Table of Values" it is provided that where premiums shall have been duly paid in full for the number of years elapsed and that there shall be no indebtedness to the company on outstanding paid up additions, "the values guaranteed by this policy for the end of the years specified appear below." According to this table, the insured having duly paid in full premiums for two years, he became entitled to participating extended insurance for one year and two hundred and eighty-seven days.

The insured was accidently killed in an automobile accident on August 19, 1939. The defendant paid the $2,000 due under the policy, but refused to pay the double indemnity.

The sole question presented for determination is whether the extended clause of the policy kept in force the agreement for double indemnity.

Under the double indemnity contract the company agreed to pay the sum of $2,000, in addition to the amount payable under the policy, upon due proof *"that the death of the insured occurred while said policy was in full force,"* and that such death resulted from bodily injury effected solely through external, violent and accidental means and that such death occurred within ninety days of the date of the accident. It is further provided in the agreement that: "The amount due hereunder shall be added to and payable with the proceeds of said Policy, and shall be payable in the same manner and to the same payee or payees as such proceeds."

And: "Failure to pay any premium or instalment thereof when due as herein provided or within thirty-one days thereafter, or failure to pay any premium or instalment thereof as provided in said Policy, or the termination of said Policy, or its maturity as an Endowment, prior to the receipt of proof of accidental death as aforesaid, will forthwith terminate this Agreement and all liability of the Company hereunder."

And: "This Agreement is made in consideration of the Application herefor, which is the basis of and a part of this Agreement, and the payment of the annual premium of $2.50 on August 15, 1936, and of a like annual premium on or before the anniversary of the same date in every year during the continuance of said Policy . . ."

And: "Payment of the premiums hereon shall not entitle the Insured or any beneficiary under said policy to any additional cash, loan, paid-up or extended insurance value, or to any additional participation in any division of the Company's surplus."

The following provision found in the policy is of like

tenor as the clause above quoted from the double indemnity agreement:

"Payment of any premium for double indemnity or disability provision herein shall not increase any cash loan, extended insurance value or dividend under this policy."

The double indemnity agreement is grounded on the policy to which it refers and is attached. They were issued under one application and at the same time. The double indemnity agreement could not stand alone. The two instruments must be construed together. The conditions of the agreement that the company will pay $2,000, in addition to the amount payable under the policy, if the death of the insured occurred "while said policy is in full force" and the death of the insured resulted from external, violent and accidental means, were fulfilled.

The extended insurance clause does not by its terms exclude from its operation the double indemnity feature of the insurance. If the company did not intend to include in the extension clause the double indemnity benefit of the insurance, it could have so stated. The provisions of the double indemnity agreement that payment of the premiums thereon shall not entitle the insured or the beneficiary "to any *additional* cash, loan, paid-up or extended value," (italics ours) in effect concedes that these items as covered in the policy shall prevail, without additional benefits as to such items by reason of the payment of the premiums for the double indemnity insurance. Furthermore, the policy provides that payment of any premiums for double indemnity shall not "*increase*" any cash, loan, paid-up or extended insurance value or dividend under the policy.

We have been cited to no case where a policy of life insurance and agreement for double indemnity contained

provisions substantially the same as in the instant case. In *Salamone* v. *Prudential Ins. Co. of America* (Mo. App.), 103 S. W. (2d), 506, 507, extended insurance was provided for as follows:

"If this Policy lapse for nonpayment of premium after premiums have been duly paid for three full years or more, the Insured, without any action upon his or her part, will become entitled to nonparticipating Extended Insurance for the respective term specified in the follow-ing table. The amount of insurance payable if death occur within said terms shall be the same amount as that which would have been payable if this Policy had been continued in force, except as to dividend additions subsequent to the date of lapse."

A provision covering death by accidental means, on the reverse side of the policy, was as follows:

"Upon receipt of due proof that the Insured after attainment of age 15 and prior to the attainment of age 70, has sustained bodily injury, solely through external, violent and accidental means, occurring after the date of this Policy and resulting in the death of the Insured within ninety days from the date of such bodily injury while this Policy is in force, and while there is no default in the payment of premium, the Company will pay in addition to any other sums due under this Policy and subject to the provisions of this Policy an Accidental Death Benefit equal to the face amount of insurance stated in this Policy less the amount of any disability benefit which has become payable under this Policy on account of the same bodily injury, except as provided below."

The court said:

"In view of such provisions and the absence of language expressly excluding the 'accidental death benefit' while the policy was continued in force under the ex-

tended insurance provision, we must take the view favorable to the insured that the amount of insurance payable if death by accidental means should occur within the extended insurance term 'shall be the same amount as that which would have been payable if the policy had been continued in force.' ''

Counsel for defendant relies on *Smith* v. *Equitable Life Assur. Soc. of the United States,* 232 Mo. App., 935, 107 S. W. (2d), 191, 192, where the question was presented whether after the lapse of the policy for non-payment of premiums, the double indemnity coverage was included within the ''face amount'' of the policy which was thereafter continued in force as extended insurance. The clause of the policy providing for extended insurance, however, expressly excluded the double indemnity benefit. The language being, ''but without . . . double indemnity.''

In *Valenti* v. *Prudential Ins. Co.*, 8 Cir., 71 F. (2d), 229, an examination of the opinion shows that the policies therein had provisions expressly excluding accidental benefits under extended insurance.

Other cases where accidental death benefits were expressly excluded from the operation of the extension clause of the policy or by the agreement for double indemnity are *Orr* v. *Prudential Ins. Co. of America,* 274 Mass., 212, 174 N. E., 204, 72 A. L. R., 872; *Johnson* v. *Central Life Assur. Soc.,* 187 Minn., 611, 246 N. W., 354; *Inter-Southern Life Ins. Co.* v. *Omer,* 238 Ky., 790, 38 S. W. (2d), 931; *Great Southern Life Ins. Co.* v. *Jones,* 8 Cir., 35 F. (2d), 122.

In the instant case, as already pointed out, the extension clause of the policy does not exclude the double indemnity benefit, nor does the agreement for double benefit

specify that it shall be void or inoperative if the policy is running under extended insurance.

The "face" of the policy is $2,000 which the company agreed to pay to the beneficiary upon receipt of due proof, regardless of the cause of death, provided premiums had been duly paid and the policy was then in full force; it then agreed by special provision that in the event of death from accident to pay an additional sum of $2,000; and it agreed that if after payment of two or more full annual premiums, a premium or installment of premiums be not paid, that participating extended insurance was granted for the period of time indicated. Under the policy and double indemnity agreement, considering them together, we are of the opinion that the extended insurance clause of the policy kept in force the agreement for double indemnity.

It is contended that the default in payment of the premiums under the double indemnity agreement terminated the company's liability for double indemnity. We think this provision of the agreement must be construed along with the provision of the policy with reference to the non-payment of premiums. In view of the fact that, in our opinion, the extension agreement embraced the double indemnity benefit, it cannot be said that the default in payment of the premium under the agreement for double indemnity forfeited the accidental death benefit.

Our conclusion is that the decree of the chancellor must be reversed and the cause remanded for further proceedings.