ARTHUR B. REDDINGTON, Respondent, *v.* ÆTNA LIFE INSURANCE COMPANY, Appellant.

Fourth Department, May 6, 1942.

*Winchell, Macken & Goldwater* [*Daniel E. Macken* of counsel], for the appellant.

*Joseph P. Hogan* [*Charles Van Voorhis* of counsel], for the respondent.

PER CURIAM. On June 6, 1925, plaintiff, when forty-four years of age, made written application to defendant for $15,000 of non-participating ordinary life insurance with double indemnity and

permanent total disability provisions. The total annual amount of the premium, as specified in the application, was to be $487. The application disclosed that plaintiff had previously undergone two major operations and had been surgically treated for another ailment. After negotiations between the parties, plaintiff signed a request and authorization for correction of the application, requesting that the plan of insurance be changed to read " Non-participating Life Class A " and that the total annual amount of the premium be increased to $577.35.

On August 28, 1925, defendant issued to plaintiff two policies, each policy providing for the payment of $7,500 upon the death of plaintiff and each policy containing double indemnity and permanent total disability provisions. A photostatic copy of the application, as originally made and as corrected, was attached to each policy. The life insurance provisions of the policies were set forth on pages numbered 1 to 6, inclusive. The double indemnity and permanent total disability provisions followed on separate unnumbered pages. Although the double indemnity provision was conditioned upon the death of the insured before age seventy and although the permanent total disability provision was conditioned upon disability occurring before age sixty, the following indorsement was stamped on the margin of each of these unnumbered pages:

" This policy is issued at the Company's Special Class A premium rates, and in the interpretation of this rider the age of the insured shall be considered as Three years greater than the actual age.

" [Signed]  H. H. PELTON,<br>" <i>Assistant Secretary.</i>"

The form of this indorsement had not been filed with, nor approved by, the State Superintendent of Insurance prior to the issuance of the policies but on the page preceding page 2 of the policies appeared the following, which had been so filed and approved:

" This policy being issued at the Company's Special Class A premium rates, the non-forfeiting values in Table A and all calculations with respect to non-forfeiting values are based on an age at issue Three years greater than that of the insured.

"Hartford, Conn., this 28th day of August, 1925.

" ÆTNA LIFE INSURANCE COMPANY,<br>" [Signed] H. H. PELTON, <i>Ass't. Secretary.</i>"

Above the computations in Table A on page 4 of the policies appeared " Issued at Age 47."

The plaintiff became permanently and totally disabled by disease on November 16, 1939, when he was fifty-eight years of age.

On the basis of these foregoing facts, the trial court (a jury having been waived) held that the indorsement which was stamped on the margin of the permanent total disability provision could not be considered to be a part of the policy because it was the rider therein referred to and that it referred to some other writing relating to the defendant's Special Class A premium rates without such writing having been incorporated, in violation of section 58 of the Insurance Law of 1909. The court further held that the wording of the indorsement was ambiguous in that it did not clearly limit the coverage to disability occurring prior to the insured's reaching the age of fifty-seven rather than sixty years. From the judgment that was entered upon the court's decision in plaintiff's favor, the defendant appeals to this court.

Both of the policies, as we read them, are basically life insurance policies to which are attached and made a part thereof, supplementary provisions with respect to double indemnity and permanent total disability. These supplementary provisions are commonly known as " riders " (see *Davern* v. *American Mut. Liability Ins. Co.*, 241 N. Y. 318; *Hopkins* v. *Connecticut Gen. Life Ins. Co.*, 225 id. 76, 79; *Oglesby* v. *Massachusetts Accident Co.*, 230 App. Div. 361, 369; *Medlinsky* v. *Metropolitan Life Ins. Co.*, 146 Misc. 855; *Hukle* v. *Great American Ins. Co.*, 230 App. Div. 477, 479; *Northwestern Nat. Life Ins. Co.* v. *Banning*, 63 F. [2d] 736; *Southland Life Ins. Co.* v. *Gatewood*, 135 Tex. 177; 141 S. W. [2d] 588; *Hay* v. *Connecticut Mut. Life Ins. Co.*, 176 Tenn. 48; 138 S. W. [2d] 413), and the indorsement on the margins thereof, in our opinion, must be held to refer thereto, rather than to some other writing relating to defendant's premium rates. We think, therefore, that the policies should have been received in evidence in their original form. The fact that the defendant never obtained from the State Superintendent of Insurance his approval of this form of indorsement is not material inasmuch as the indorsement does not conflict with any of the standard provisions relating to insurance policies. (*Hopkins* v. *Connecticut Gen. Life Ins. Co.*, 225 N. Y. 76.)

We are also of the opinion that plaintiff, if he had made any examination of the policies, would have clearly understood that coverage under the permanent total disability provision was limited to age fifty-seven and that the language of the indorsement was not ambiguous.

We have considered the other questions which plaintiff argues upon this appeal but, in view of the fact that the trial court properly disposed of them in its decision, no discussion of them is here necessary.

The judgment should be reversed on the law, with costs, and the complaint dismissed, with costs.

All concur, except CROSBY, P. J., who dissents and votes for affirmance. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.