■ BENEFIT TRUST LIFE INSURANCE COMPANY, Appellant-Respondent, v JOHN K. ROWLAND, Respondent-Appellant. — Order unanimously modified, on the law, to grant summary judgment to plaintiff in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: As an insured under a group disability insurance policy issued by plaintiff to defendant's employer, defendant commenced receiving disability benefits in August, 1979. Upon turning 65 in April, 1980, he began receiving Social Security retirement benefits. Plaintiff continued to make payments of monthly disability benefits until July, 1981.

Plaintiff's complaint seeks judgment declaring that it is entitled to be reimbursed for the amounts received by the defendant in Social Security retirement benefits. Both parties moved for summary judgment and both now appeal from an order denying their respective motions. The principal issue on appeal is whether the policy's nonduplication of benefits clause unambiguously includes Social Security retirement benefits as a source of payment to defendant which reduces the benefits payable under the policy. The clause captioned "NONDUPLICATION OF BENEFITS" reads in relevant part, as follows:

"The monthly benefits otherwise provided under this Contract for any calendar month shall be reduced by any amount(s) paid or payable to the Insured (or to any dependent(s) of such Insured as to item (1) below) upon making proper claim therefor during or for the same calendar month from the following sources:

"(1) Full Social Security benefits provided under the Federal Social Security act together with all amendments thereto which

are in force on the date the Insured is eligible to commence receiving benefits under this Contract;

"(2) Any benefits due under state or federal government disability plans other than Social Security benefits not included in the immediately preceding section (1), this Part;

"(3) Workmen's Compensation or benefits provided by any similar law;

"(4) Salaries, wages, commissions, and any other form of compensation provided by the Employer;

"(5) Any benefits due under a retirement plan with the Employer; except if such retirement is an early retirement which has not been elected by the employee or which reduces the amount of his accrued annuity or pension benefits then funded;

"(6) Any benefits for loss of time provided under Group Accident and Sickness Contracts with the Employer or any benefits for total disability provided under Group Life Contracts with the Employer;

"(7) Any other employer sponsored sources providing loss of time benefits".

Defendant argues that section (1) of the clause does not unambiguously include Social Security retirement benefits since retirement benefits are of a nature different from disability benefits and thus cannot be said to be duplicative of disability benefits; that section (2) of the clause fortifies the view that section (1) relates to Social Security disability benefits; and lastly, that plaintiff acknowledged the ambiguity by inserting in section (1) the word "Full", the prototype policy submitted to the Insurance Department having contained only a blank space where the word "Full" appears in the issued policy.

Each of defendant's arguments is without merit. The sources of payment set forth in sections (4), (5) and (7) of the clause demonstrate that the clause did not delimit itself to benefits akin to disability benefits; section (2) relates to disability plans and could not possibly imply that section (1) was limited to Social Security disability benefits; and the word "Full" neither adds to nor subtracts from the meaning of section (1) in the context of the issue as presented. In sum, the policy unambiguously provides that Social Security retirement benefits are a source which may be deducted from the policy's disability benefits. The policy does not allow for any other reasonable interpretation (cf. *Newin Corp. v Hartford Acc. & Ind. Co.*, 62 NY2d 916) and should be enforced as written (*Zandri Constr. Co. v Firemen's Ins. Co.*, 81 AD2d 106, affd *sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc.*, 54 NY2d 999).

Defendant further claims that since the prototype policy submitted to the Insurance Department for approval contained blanks, the issued policy was unapproved and thus violative of section 154 of the Insurance Law (now Insurance Law, § 3201). Despite its apparent merit, the argument is of no help to defendant. There is no authority for working a forfeiture or for voiding the nonduplication of benefits clause (*Reddington v Aetna Life Ins. Co.,* 264 App Div 70, affd 290 NY 621; *Hopkins v Connecticut Gen. Life Ins. Co.,* 225 NY 76).

Summary judgment must be granted to plaintiff, therefore, declaring that under the applicable group insurance agreement, disability benefits paid by plaintiff to defendant are to be reduced by the amounts received by defendant as Social Security retirement benefits, and that plaintiff is entitled to reimbursement accordingly. (Appeals from order of Supreme Court, Erie County, Wolf, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Schnepp, JJ.