■ CHRISTIAN CARTAGENA, an Infant, by His Father and Natural Guardian, ROSALIO CARTAGENA, et al., Respondents, v JIN LUNG TANG et al., Defendants and Third-Party Plaintiffs-Appellants. AMERICAN EMPIRE INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [687 NYS2d 666] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (I. Aronin, J.), dated December 12, 1998, as granted the plaintiffs' motion for partial summary judgment on the issue of liability and granted the cross motion of the third-party defendant American Empire Insurance Company for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 1987 the infant plaintiff was bitten on the face by a rat while sleeping in an apartment his parents rented in a multiple dwelling built prior to 1960. The building was owned by the defendant Bat Lo Chiu and managed by the codefendant Jin Lung Tang.

In 1989 the family of the infant plaintiff moved into another apartment in the same building. In December of that year, the same infant plaintiff was diagnosed with lead poisoning. Testing and inspection by the Department of Health revealed findings of lead paint in both apartments. The plaintiffs submitted evidence that the paint was peeling from the wall and that the infant was seen ingesting paint chips in both apartments.

The plaintiffs' motion for partial summary judgment was properly granted with regard to their causes of action to recover damages for personal injuries resulting from the rat bite. The defendants failed to rebut the plaintiffs' prima facie showing that the measures taken by the defendants to eliminate rodents from the apartment where the infant plaintiff was bitten were inadequate (*see,* Administrative Code of City of NY §§ 27-2016, 27-2017).

Similarly, the plaintiffs were entitled to partial summary judgment on their cause of action to recover damages for personal injuries resulting from the infant's ingestion of lead paint. Although the defendants presented evidence that they had no actual notice of the lead paint hazard, they still may be charged with constructive notice of the hazard as of the date they had actual or constructive notice of the infant's residence (*see, Rivas v 1340 Hudson Realty Corp.*, 234 AD2d 132). Inasmuch as it is undisputed that the defendants had such notice, summary judgment was appropriate (*see, Juarez v Wavecrest Mgt. Team,* 88 NY2d 628).

The Supreme Court properly granted the motion of the third-party defendant American Empire Insurance Company for summary judgment dismissing the third-party complaint insofar as asserted against it. Contrary to the defendants' contention, the lead-based paint liability exclusions in their multi-peril insurance policies were valid and effectively excluded coverage for the infant plaintiff's lead poisoning cause of action (*see, Metropolitan Life Ins. Co. v Conway*, 252 NY 449; *National Union Fire Ins. Co. v Ambassador Group,* 157 AD2d 293; *Reddington v Aetna Life Ins. Co.,* 264 App Div 70, *affd* 290 NY 621).

The defendants' remaining contention is without merit (*see, Amatulli v Delhi Constr. Corp.*, 77 NY2d 525). S. Miller, J. P., Santucci, Friedmann and Florio, JJ., concur.