■ JAMES T. WOOLFALK et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [692 NYS2d 386] —Order, Supreme Court, New York County (Emily Goodman, J.), entered May 12, 1998, which granted plaintiffs' motion to set aside the verdict, and awarded judgment as to liability in favor of plaintiffs as a matter of law, unanimously affirmed, without costs.

It is well settled that a landlord who has notice of a child under seven years old living in one of its apartments is a landlord who has notice of any hazardous lead condition in that apartment causing injury to that child. The Court of Appeals stated so repeatedly in *Juarez v Wavecrest Mgt. Team* (88 NY2d 628): "Under the statutory scheme, a landlord who has such notice [of a child under seven living in one of its apartments] is chargeable with notice of any hazardous lead condition in that unit." (*Supra,* at 638.) "We conclude that liability does not attach under Local Law 1 unless a landlord has actual or constructive notice that a child under seven resides in the apartment, but that landlords with such knowledge may be

charged with notice of dangerous lead conditions within their buildings." (*Supra*, at 640.) "[T]he right of entry conferred by Local Law 1 gives a landlord constructive notice of any lead paint hazard within an apartment that the landlord knows is occupied by a child of the specified age." (*Supra*, at 647.) "If * * * [the landlord] had knowledge that a child under seven resided in the apartment, it may be charged with notice of the lead hazard prior to receipt of the Order [to Abate Nuisance]." (*Supra*, at 648.)

While the *Juarez* decision twice alludes to the statutory presumption of a hazardous lead condition raised by peeling paint in an apartment occupied by a child under seven in a building erected before 1960 (*supra*, at 642, 647), the decision, significantly, accepts that the landlord did not have actual notice of the peeling paint in the apartment (*supra*, at 638-639), and nowhere expressly says whether the building was erected before or after 1960. Any implication in the decision that that building was erected prior to 1960 does not change the thrust of the above quoted statements. The effect of such statements is clear—absent an issue of fact as to whether an alleged lead paint condition caused the injuries complained of, and absent evidence that reasonable efforts to abate the condition were made before the injuries were sustained (necessarily the case when the landlord does not have actual notice of the condition and does not exercise its right of entry to inspect), the landlord's liability depends purely and simply on whether it had notice of a child under seven living in the apartment, and when the building was built and whether the landlord had actual notice of peeling paint or other indications of a hazard are immaterial. Case law subsequent to *Juarez* is consistent (*see, Rivas v 1340 Hudson Realty Corp.*, 234 AD2d 132; *Nwaru v Leeds Mgt. Co.*, 236 AD2d 252; *Cartagena v Jin Lung Tang*, 260 AD2d 337).

Here, there is no dispute that the landlord knew that a child under seven was living in the apartment; the record amply supports a finding that the apartment had a hazardous level of lead paint and that the child suffered lead paint injuries; and, as in *Juarez* (*supra,* at 645), there is no dispute that the child sustained his injuries before the landlord had taken any steps to abate the hazard. Accordingly, the trial court correctly held that it should not have charged the jury as to whether the landlord acted reasonably under the circumstances, and that it should have awarded judgment in favor of plaintiffs as a matter of law upon the jury's finding that the landlord failed to keep the apartment free of lead paint in violation of law.

Concur—Sullivan, J. P., Nardelli, Tom, Saxe and Friedman, JJ.