■ EDWIN MUNOZ, an Infant, by His Mother and Natural Guardian, MERCEDES HERNANDEZ, Appellant, v MAEL EQUITIES, INC., et al., Respondents. [768 NYS2d 202]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 16, 2002, which denied plaintiff's motion for partial summary judgment on liability, unanimously modified, on the law, to grant the motion only to the extent of finding defendants liable for those injuries sustained in the apartment occupied by plaintiff's aunt on the sixth floor of defendants' building, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith.

Plaintiff was allegedly exposed to lead, through defendants' negligence, both in his mother's apartment and in the sixth-floor apartment of his aunt who lived in the same building. Summary judgment as to liability with respect to the injuries allegedly sustained by plaintiff by reason of lead exposure in his mother's apartment was properly denied since there is a triable issue as to whether defendants had notice that a child under the age of seven lived in that apartment (*see Woolfalk v New York City Hous. Auth.*, 263 AD2d 355, 356 [1999]). While plaintiff contends that the lease application for the apartment indicates that a 1½-year-old child would be residing there, examination of the copy of the lease application in the record discloses sufficient ambiguity in the notation of the child's age to present a question as to whether the lease application did, in fact, provide the requisite notice.

Nonetheless, since the affidavit of plaintiff's expert contains uncontradicted proof that plaintiff's exposure to lead in the aunt's apartment made his injuries "significantly worse," and defendants do not challenge the motion court's finding of unrefuted proof that they had notice of a child under age seven in that apartment, defendants are liable to plaintiff for the injuries sustained by plaintiff in that apartment (*see id.*). The extent of the injuries sustained in that apartment goes to the question of damages. We therefore remand for a trial on the issue of liability for injuries sustained in the apartment occupied by plaintiff and his mother, and thereafter on all issues of damages. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Gonzalez, JJ.