■ JAMES TYRONE WOOLFALK et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [782 NYS2d 22]—

Judgment, Supreme Court, New York County (Marilyn Shafer, J.), entered October 7, 2002, after a jury verdict in plaintiffs' favor, incorporating and bringing up for review an order which directed a new trial on damages unless plaintiffs stipulated to a reduction of the verdict from $6.6 million to $3 million, unanimously modified, on the law and the facts, to increase the amount awarded for medical expenses to $3.5 million, and otherwise affirmed, without costs.

The infant plaintiff sustained lead poisoning in defendant's premises. We agree with the trial court that the verdict in this trial on damages only (see 263 AD2d 355 [1999]) deviated materially from what is reasonable compensation under the circumstances. The trial court ordered a new trial unless plaintiffs consented to reduction of the awards for past pain and suffering from $450,000 to $125,000, future pain and suffering from $750,000 to $275,000 over the next 58 years, medical expenses from $4.5 million to $2 million over a similar period, and impaired earning capacity from $900,000 to $600,000 over the next 30 years. We find the reduction of the $4.5 million award for future medical expenses to be too drastic and believe that in the circumstances a $3.5 million award for such damages would be appropriate.

Although this is an appeal by defendant only, this Court has the authority to increase the judgment to a sum not exceeding the verdict in plaintiffs' favor (CPLR 5501 [a] [5]). We have examined the other issue raised by defendant and find that it is without merit. Concur—Tom, J.P., Andrias, Saxe, Sullivan and Marlow, JJ.