■ LEDA LORA et al., Appellants, v FRANKLIN M. CALLE et al., Respondents. [793 NYS2d 19]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 12, 2004, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants met the prima facie entitlement for summary judgment under Insurance Law article 51 by producing sworn reports from three physicians who asserted their qualitative as-

sessments of plaintiffs' conditions based on either specific tests they had performed or objective data they had interpreted (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357-358 [2002]; *Shaw v Looking Glass Assoc., LP*, 8 AD3d 100 [2004]; *Collins v Stone*, 8 AD3d 321 [2004]). Plaintiffs' submissions in response were lacking for a number of reasons. Indeed, even their examining physician, Dr. Goldman, opined that plaintiff Sandoval's injuries had "essentially resolved." Insofar as Dr. Goldman attributed any occasional lower back pain to the accident, he provided no foundation or objective medical basis whatsoever to support that conclusion (*see Franchini v Palmieri*, 1 NY3d 536, 537 [2003]). Sandoval's subjective complaints are insufficient to establish a serious injury (*Scheer v Koubek*, 70 NY2d 678, 679 [1987]). Plaintiffs submitted no probative evidence that Sandoval was prevented from performing substantially all of his usual daily activities for at least 90 of the 180 days immediately following the accident (*Ersop v Variano*, 307 AD2d 951, 952-953 [2003]).

As to plaintiff Lora, to the extent Dr. Goldman's diagnosis was based on unsworn medical reports prepared by other doctors, it was not enough to defeat summary judgment. Dr. Goldman did not attach to his affirmation sworn copies of the reports of Dr. Avagyan and the radiologist who had concluded that Lora sustained a lumbar herniation at L4-5, L5-S1, straightening of the cervical spine and fluid collection in her left knee (*see Charlton v Almaraz*, 278 AD2d 145 [2000]; *Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]). Nor did Dr. Goldman provide the numeric values correlated with the purported ranges of motion, or the qualitative assessments of Lora's limitations as compared to the normal function, purpose and use of the lumbar spine and left shoulder (*Toure*, 98 NY2d at 350). Concur—Ellerin, J.P., Nardelli, Williams, Gonzalez and Sweeny, JJ.