■ MISAEL HERRERA et al., Plaintiffs, v NICHOLAS KRUMSZYN et al., Defendants. BEACH LANE MANAGEMENT, INC., Third-Party Plaintiff-Respondent, v FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ROCHESTER et al., Third-Party Defendants, and PAUL EISLAND, as Receiver, Third-Party Defendant-Appellant. [823 NYS2d 60]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered November 29, 2005, which denied third-party defendant Eisland's motion for summary judgment dismissing the third-party complaint against him, unanimously affirmed, without costs.

Plaintiffs commenced this action to recover damages for personal injuries allegedly sustained by the infant plaintiffs as a result of exposure to lead paint inside premises at 2504 Olinville Avenue in the Bronx. In 1993, when plaintiffs moved in, the premises were owned by the Krumszyn defendants. Three years later, a foreclosure action was commenced against those owners, and the property was eventually sold at foreclosure in 1998 to Olinville Associates, which hired Beach Lane Management to manage it. Third-party defendant Eisland was appointed

receiver for the property in 1996, and continued to serve in that capacity until his discharge in early 2000.

There are triable issues of fact as to whether Eisland had constructive notice of a hazardous lead condition while he served as receiver of the property (*see* General Obligations Law § 9-101; *Munoz v Mael Equities*, 2 AD3d 118 [2003]). Eisland's remaining contentions are not preserved for appellate review, and, in any event, are without merit. Concur—Buckley, P.J., Tom, Saxe, Sullivan and McGuire, JJ.