■ JONATHAN CONCEPCION, an Infant, by His Mother and Natural Guardian, IRIS VERA, Appellant, v ROBERT WALSH et al., Respondents, et al., Defendants. [831 NYS2d 402]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 15, 2005, which, in an action arising out of plaintiff's alleged ingestion of lead paint, granted defendants-respondents landlords' motions for summary judgment dismissing the complaint as against them, and order, same court and Justice, entered July 22, 2005, which granted defendant-respondent physician's motion for summary judgment dismissing the complaint as against her, unanimously affirmed, without costs.

Although issues of fact as to whether the landlord defendants were on notice of a possible lead hazard in the subject apartment are raised by the fact that children under the age of seven resided therein (*see Woolfalk v New York City Hous. Auth.*, 263 AD2d 355 [1999]; *Munoz v 42 Holding Corp.*, 30 AD3d 361 [2006]), there is no evidence of the actual existence of a lead hazard in the apartment. The presumption of the existence of a lead hazard contained in Administrative Code of City of NY former § 27-2013 (h) does not avail plaintiff because, in order for the presumption to arise, plaintiff must show, inter alia, that there was peeling or chipping paint in the apartment. While plaintiff's mother's affidavit asserts that there was peeling or chipping paint, her deposition testimony was that she did not know; accordingly, her affidavit lacks evidentiary value (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [2000]; *Blackmon v Dinstuhl*, 27 AD3d 241, 242 [2006]). We also reject plaintiff's argument that the evidence of lead paint in another apartment in the building constitutes evidence of lead paint in the subject apartment. Indeed, there is not even an issue of fact as to whether plaintiff sustained a lead injury. While plaintiff's medical expert affirms that impairment to heme synthesis will occur from any level of exposure to lead, the expert improperly relies on the unsworn, and therefore inadmissible, report of plaintiff's neuropsychologist to conclude that plaintiff suffered actual injuries as a result of such impairment (*see Lora v Calle*, 16 AD3d 359 [2005]; *Vallejo v Builders for Family Youth, Diocese of Brooklyn, Inc.*, 18 AD3d 741, 742 [2005]; *McLoyrd v Pennypacker*, 178 AD2d 227, 228 [1991], *lv denied* 79 NY2d 754 [1992]).

Concerning defendant physician, plaintiff's pediatrician, even assuming that she failed to make proper inquiries of plaintiff's mother at plaintiff's first "well-baby" visit, to determine whether or not plaintiff was at high risk for lead exposure, which would have required blood lead level testing every six

months, it remains that any such determination of high risk would have required a finding that plaintiff lived in a house or apartment with peeling or chipping paint (Centers for Disease Control and Prevention Statement, Preventing Lead Poisoning in Young Children, at 43 [Oct. 1991]). As already stated, plaintiff's mother does not remember any such peeling or chipping, and, except for her discredited affidavit, there is no evidence thereof. Thus, even if defendant physician had made the inquiries, she would not have determined that plaintiff was at high risk. Moreover, when plaintiff's blood lead level showed moderate elevation at the next visit, defendant adhered to the accepted standard of care (10 NYCRR 67-1.2 [a] [6]) by referring plaintiff to Montefiore Lead Clinic. Although, in her affidavit, plaintiff's mother denies any such referral, this again directly contradicts her deposition testimony, wherein she expressly stated that she had received a referral, but could not remember if it was to Montefiore. In addition, plaintiff's medical expert's assertions that the alleged departures from accepted medical procedures substantially caused plaintiff's injuries are conclusory and speculative, and, as already indicated, he improperly relies on the unsworn report of plaintiff's neuropsychologist to conclude that plaintiff had suffered a cognizable injury, and improperly relies on plaintiff's mother's affidavit to conclude that plaintiff had been exposed to lead.

We have considered plaintiff's other arguments and find them unavailing. Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.