■ In the Matter of GEVALIA VEGA, an Infant, by Her Father and Natural Guardian, RAYMOND VEGA, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [859 NYS2d 438]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered May 14, 2007, which, in an action for injuries allegedly sustained by the infant plaintiff as a result of exposure to lead-based paint, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant met its prima facie burden of establishing lack of notice that a child under seven years of age resided in the subject apartment (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]; *Worthy v New York City Hous. Auth.*, 18 AD3d 352 [2005]). The record shows that plaintiff Raymond Vega's mother was the lawful occupant of the apartment and the income affidavits and window guard surveys from her failed to identify plaintiffs as residing within the apartment, and applications by and on behalf of Raymond for permanent residency during the relevant time period were denied. Furthermore, even assuming defendant had notice of plaintiffs' residency and the hazardous condition identified by the Department of Health, it exercised due care by abating such hazardous condition within the mandated compliance period (*see Juarez*, 88 NY2d at 644; *Rivas v 1340 Hudson Realty Corp.*, 234 AD2d 132, 136 [1996]).

Plaintiffs' opposition failed to raise a triable issue since the evidence submitted was comprised of conclusory and vague statements, and an affidavit from Raymond conflicted with his

deposition testimony (see Concepcion v Walsh, 38 AD3d 317, 318 [2007]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ.