■ KADEEM FOSTER, an Infant, by His Mother and Natural Guardian, RUBY FOSTER ODEMENE, et al., Appellants-Respondents, v ALFRED S. FRIEDMAN MANAGEMENT CORP. et al., Respondents-Appellants. [881 NYS2d 55]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered December 26, 2007, which, in an action for lead paint injuries, denied plaintiffs' motion for partial summary judgment on the issue of liability, and granted defendants' motion for summary judgment dismissing the complaint only to the extent of dismissing the complaint as against deceased defendant Alfred S. Friedman, unanimously modified, on the law, to dismiss the complaint as well as against defendants Kenneth G. Friedman and Kenneth G. Friedman Management Corp., and to grant plaintiffs partial summary judgment on the issue of liability to the extent of finding the remaining defendants liable for the injuries sustained by the infant plaintiff in his mother's apartment, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of said defendants dismissing the complaint as against them. Appeal from an order, same court and Justice, entered July 15, 2008, which, upon granting defendants' motion for reargument, adhered to the prior order,

unanimously dismissed, without costs, as academic in view of the foregoing.

Plaintiffs allege that the infant plaintiff was exposed to lead paint both in his mother's apartment and in the apartment of his godmother who lived in the same building and often took care of him. Summary judgment as to liability for the injuries allegedly sustained by reason of exposure to lead paint in the godmother's apartment was properly denied on the ground that an issue of fact exists as to whether defendants had notice that a child under the age of seven lived in the godmother's apartment (*see Munoz v Mael Equities*, 2 AD3d 118 [2003]). However, since defendants do not dispute that they had notice that a child under the age of seven lived in the mother's apartment, and the Department of Health found that the lead condition in the mother's apartment constituted a nuisance and ordered abatement, defendants are liable to plaintiffs for the injuries sustained by plaintiff in the mother's apartment (*see id.*). The extent of the injuries sustained in the mother's apartment goes to the question of damages (*id.*). We therefore remand for a trial on the issue of liability for injuries sustained in the godmother's apartment, and thereafter on all issues of damages (*id.*). We also modify to dismiss the action as against defendant Kenneth G. Friedman Management Corp., there being no dispute that an entity by that name has never existed, and defendant Kenneth G. Friedman, there being no evidence warranting that one or more of the corporate defendants' veils be pierced in order to impose personal liability on this corporate officer (*see Worthy v New York City Hous. Auth.*, 21 AD3d 284 [2005]). Concur—Andrias, J.P., Moskowitz, DeGrasse and Richter, JJ.