■ Alihja Hill, an Infant, by Her Mother and Natural Guardian, Mayra Perez, et al., Appellants, v Lorac House, Inc., Respondent. [23 NYS3d 573]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered July 15, 2014, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiffs, through the affidavit of their expert, proffered evidence that their apartment at defendant's premises was tested in 2008, and lead paint was located in the baseboards and closet supports (compare Concepcion v Walsh, 38 AD3d 317 [1st Dept 2007]). This finding, along with proof that defendant was on notice that a child under the age of seven resided at the apartment, was sufficient evidence that defendant was on constructive notice of a lead hazzard (see Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 646-647 [1996]; Woolfalk v New York City Hous. Auth., 263 AD2d 355 [1st Dept 1999]). That the

apartment was inspected in 2004 and 2008, and no lead was found, are facts that go to the reasonableness of defendant's behavior, an issue to be decided by a jury (*see Rivas v 1340 Hudson Realty Corp.*, 234 AD2d 132, 136 [1st Dept 1996]).

In light of the parties' competing expert affidavits, the issue of whether the infant's cognitive deficits were caused by exposure to lead, or by solely unrelated biological processes, is a question for a jury (*see Bygrave v New York City Hous. Auth.*, 65 AD3d 842, 847 [1st Dept 2009]; *Robinson v Bartlett*, 95 AD3d 1531, 1535 [3d Dept 2012]). Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.