■ ARELIE F. et al., Respondents, v CATHEDRAL PROPERTIES, LLC, et al., Defendants, and 4464 PARK AVENUE LLC et al., Appellants. [33 NYS3d 249]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered July 2, 2015, which, to the extent appealed from, denied defendants 4464 Park Avenue LLC and Finger Management Corporation LLC's motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiffs, two brothers and their sister, commenced this action for damages for exposure to lead paint at various apartments they resided in and visited during their childhoods. Included in plaintiffs' claims was apartment No. 1 located at 4464 Park Avenue in the Bronx, where the infant plaintiffs' aunt resided with their two cousins, who were under the age of seven. Defendants 4464 Park Avenue LLC and Finger Management Corporation moved for summary judgment dismissing the complaint, arguing that the infant plaintiffs did not reside in the apartment and that their injuries were sustained before 4464 Park and Finger Management took over the building. In opposition, plaintiffs argued that defendants had actual notice of the lead paint based on the fact that their two cousins under the age of seven resided there and based on lead paint violations issued by New York City's Department of Housing Preservation and Development.

The motion court granted defendants' motion as to plaintiffs Arelie F. and Joseph F., finding that those plaintiffs did not have elevated blood lead levels after the defendants took over management of the apartment, but denied it as to plaintiff Teodoro F., finding that issues of fact exist concerning his elevated blood lead levels and potential exposure at defendants' property. Defendants appealed, arguing that their motion for summary judgment should have been granted as to all three plaintiffs. We agree.

Defendants established their prima facie entitlement to summary judgment by submitting evidence that they did not own or manage the building until November 2007, when Teodoro was approximately 12 years old and after all the infant plaintiffs were over the age of seven (*see Flores v Cathedral Props. LLC*, 101 AD3d 432 [1st Dept 2012]). In opposition, plaintiffs failed to raise a triable issue of fact concerning how Teodoro's existing injuries when defendants took ownership

and management of the building were made significantly worse during their tenure (*see Williamsburg Around the Bridge Block Assn. v Giuliani*, 223 AD2d 64, 66 [1st Dept 1996]; *Munoz v Mael Equities*, 2 AD3d 118 [1st Dept 2003]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.